*Submitted by:*

Scott T. Reigle (# 288515)
 sreigle@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
301 N. Lake Ave, Suite 1100
Pasadena, CA 91101-4158
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a Wachovia
Mortgage, FSB, f/k/a World Savings
Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LILIA NUNO, an individual;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.;<br>ABOUT BUCKLEY MADOLE, P.C.;<br>AND DOES 1 THRU 100;<br><br>　　　　Defendants. | CASE NO.: CV 17-4809-GW(Ex)<br><br>**ORDER**<br><br>[*Assigned to the Hon. George H. Wu*] |

　　　　The motion to dismiss plaintiff's complaint filed by defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") came on for hearing on August 24, 2017 at 8:30 a.m. in Courtroom 9D, the Hon. George H. Wu presiding. Scott T. Reigle of Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP appeared on behalf of Wells Fargo, and plaintiff appeared, pro se.

/ / /

/ / /

1  After full consideration of the authorities and written arguments submitted
2  by the parties, the oral arguments of the parties at the hearing, and good cause
3  appearing, the Court adopts its tentative ruling as its final order, which is as
4  follows:

5  On January 30, 2017, Lilia Nuno ("Plaintiff"), *in pro per*, sued Wells Fargo
6  Bank, N.A. ("Wells") and "About Buckley Madole, P.C.,"[1] asserting six causes of
7  action: 1) violation of California Business and Professions Code § 17200, 2)
8  injunctive relief, 3) violation of California Civil Code § 1572, 4) fraud, 5)
9  intentional misrepresentation, and 6) violation of California Civil Code §§ 2923.5
10 and 2924. The case concerns Plaintiff's real property in Los Angeles, California,
11 which she financed on or about October 24, 2006, by virtue of a Deed of Trust and
12 Note. *See* Complaint ¶¶ 3, 8. Wells was the beneficiary of the property, and NBS
13 was listed on the Notice of Default ("NOD") and Notice of Trustee's Sale. *See id.*
14 ¶¶ 4-5. As best as the Court can tell, Plaintiff alleges, and bases her claims on, the
15 following:

16 Wells and NBS (collectively "Defendants") asserted that Plaintiff became in
17 default on her loan. *See id.* ¶ 9. However, the default was occasioned by high
18 payments, the structure of the loan, and the interest rate, and Plaintiff suggests that
19 the terms of her loan were not accurately represented and/or disclosed in some
20 respect. *See id.* ¶¶ 9, 74. In addition, Plaintiff's performance was excused by virtue
21 of Defendants' prior breach of the terms of the Note. *See id.* ¶ 9. Also, the
22 Declaration of Due Diligence attached to the NOD was invalid, and the NOD itself
23 is void because the required "penalty of perjury" and signature of a person with
24 "actual knowledge" is missing. *See id.* ¶¶ 9, 11, 24, 98, 100. The NOD also

---

[1] The Notice of Removal indicates that this defendant's correct name is NBS Default Services, LLC ("NBS"). *See* Notice of Removal at 1:12-14. Plaintiff has not argued otherwise in connection with this motion or her "request" for remand. *See* Footnote 2, *infra*.

1 allegedly contains certain unspecified misrepresentations upon which Plaintiff
2 relied. *See id.* ¶¶ 81-82, 89; *see also id.* ¶ 87. Defendants also did not have the
3 power to record the NOD, and NBS was not the trustee of record at the time the
4 NOD was recorded. *See id.* ¶¶ 9, 18. Defendants are also not "holders" of
5 Plaintiff's Note. *See id.* ¶¶ 14-16, 22, 25, 46-48, 64-65. Defendants also failed to
6 record an assignment of the Deed of Trust prior to commencing the foreclosure.
7 *See id.* ¶ 93. Defendants are attempting to unlawfully foreclose on Plaintiff's
8 property. *See id.* ¶¶ 12, 34-35, 48.

9 Wells now moves (joined by NBS, *see* Docket No. 12) to dismiss Plaintiff's
10 case, without leave to amend, pursuant to Rule 12(b)(6) of the Federal Rules of
11 Civil Procedure.[2] Although Plaintiff responded to that motion (in an untimely
12 manner, *see* C.D. Cal. L.R. 7-9), with the possible exception of attempting to
13 demonstrate that she has standing to pursue a Section 17200 claim, none of her

---

[2] On August 4, 2017, Plaintiff also "requested" that the Court remand this action to state court, without setting a hearing date. The August 4 filing gave insufficient notice if the intent was for it to be heard along with Defendant's motion. Defendant filed no papers in opposition to the "request." In any event, the Court has reviewed the request and finds no basis to remand the action. Plaintiff believes there might be "doubts" about complete diversity because of the possibility of other, not-yet-named, defendants could be California citizens. But the Court only assesses the citizenship of actual parties to the litigation. Were the case to proceed and Plaintiff named a new party, diversity jurisdiction would then have to be reassessed. But, for reasons addressed above in connection with the motion to dismiss, this case will not likely proceed beyond this hearing. Plaintiff also complains about a lack of "unanimity" in the removal, but – even assuming that she has timely raised this procedural defect – she is wrong, factually. NBS did join in the removal. *See* Notice of Removal at 8:12-13; *see also* Docket No. 4. Similarly assuming a timely challenge, the Court also rejects Plaintiff's assertion that Defendant did not timely remove this case. As Defendant explained in its Notice of Removal, *see* Notice of Removal at 7:24-8:2, Plaintiff *never* validly served it with the Summons and Complaint, meaning that the 30-day period in which to remove actually never commenced. Plaintiff has not attempted to argue that service she attempted actually complied with state or federal service provisions. In short, the Court rejects Plaintiff's "request" that it remand this case.

1  opposition actually appears to relate to any of the arguments Wells has raised in
2  attacking her Complaint. At least one such argument would dispose of Plaintiff's
3  entire case if the Court accepts it – that Plaintiff should be judicially estopped from
4  pursuing any of her causes of action because of her failure to list, in her bankruptcy
5  schedules, her alleged claims against Defendants.

**Rule 12(b)(6) Standard**

Under Rule 12(b)(6), concerning whether a complaint has properly stated a claim, a court is to (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Twombly*, 550 U.S. at 562-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. In its consideration of the motion, the court is limited to the allegations on the face of the Complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

In addition, *pro se* filings are construed liberally. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg*, 488 F.3d at 1205 (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts and should be granted more liberally to pro se plaintiffs.'") (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (*en banc*)).

**<u>Judicial Estoppel</u>**

"'[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion.'" *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). "'[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 749-50); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting

one position, and then later seeking an advantage by taking a clearly inconsistent position.").

"'[S]everal factors typically inform the decision whether to apply the doctrine.'" *Ah Quin*, 733 F.3d at 270 (quoting *New Hampshire*, 532 U.S. at 750). "'First, a party's later position must be clearly inconsistent with its earlier position.'" *Id.* (omitting internal quotation marks) (quoting *New Hampshire*, 532 U.S. at 750). "'Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 750). "'A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 751). These are not "'inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.'" *Id.* at 270-71 (quoting *New Hampshire*, 532 U.S. at 751).

The Ninth Circuit has explained further that "[t]his court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Hamilton*, 270 F.3d at 782 (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). "This court has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Id.* at 783.

Wells has presented evidence, which the Court may consider on this motion, *see, e.g.*, *Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1120-21 (N.D. Cal. 2009), that Plaintiff voluntarily filed a Chapter 13 bankruptcy case on May 19,

2017 (*i.e.*, almost four months *after* Plaintiff filed this lawsuit). *See* Request for Judicial Notice in Support of Wells Fargo Bank, N.A.'s Motion to Dismiss the Complaint ("RJN"), Docket No. 8, ¶¶ 7-8 & Exhs. G-H.[3] It has also argued and presented supporting evidence of the fact that Plaintiff did not schedule any claims against Wells in connection with that bankruptcy. *See* RJN, ¶ 9 & Exh. I, at 9.

"The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims.'" *Hamilton*, 270 F.3d at 785 (quoting *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207-08 (5th Cir. 1999)); *see also id.* at 783 ("In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."); *id.* a 784 ("Hamilton is required to have amended his disclosure statements and schedules to provide the requisite notice, because of the express duties of disclosure imposed on him by 11 U.S.C. [§] 521(1), and because both the court and Hamilton's creditors base their actions on the disclosure statements and schedules."). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784.

Given the foregoing, an attempt in this action to assert Plaintiff's claims would be clearly inconsistent with the assertion, in Plaintiff's bankruptcy schedules, that she had no such claims. *See Dzakula v. McHugh*, 746 F.3d 399, 402 (9th Cir. 2013). As such, the first *New Hampshire* factor is satisfied.

Unlike most situations where judicial estoppel under *New Hampshire* is raised, Plaintiff has not obtained a discharge or plan confirmation. However, due to

---
[3] Plaintiff has not opposed the RJN.

her having already filed two more bankruptcies in the previous year, Plaintiff was required to move for the bankruptcy court to continue the automatic stay. *See* RJN, ¶ 10 & Exh. J; 11 U.S.C. § 362(c)(3)(A), (B)[4]. The bankruptcy court granted the motion with respect to the property at issue in this case. *See* RJN, ¶ 11 & Exh. K, at 2.

In *Hamilton*, the Ninth Circuit indicated that its holding "does not imply that the bankruptcy court must actually discharge debts before the judicial acceptance prong may be satisfied," but instead that "[t]he bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways." *Hamilton*, 270 F.3d at 784. Specifically, it cited cases finding acceptance where the bankruptcy court had lifted a stay based in part on nondisclosure in bankruptcy schedules and in a lift-stay stipulation and where the

---

[4] Section 362(c)(3)(A) and (B) read as follows:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;…

11 U.S.C. § 362(c)(3)(A), (B).

bankruptcy court had approved the debtor's plan of reorganization. *See id.* (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999) and *Donaldson v. Bernstein*, 104 F.3d 547, 555-56 (3rd Cir. 1997)). "The debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets." *Hamilton*, 270 F.3d at 785; *see also id.* ("Hamilton's failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and Hamilton's creditors, who relied on the schedules to determine what action, if any, they would take in the matter. Hamilton did enjoy the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding.").

Other courts have found the second *New Hampshire* factor satisfied when bankruptcy petitioners merely enjoyed the benefit of the *automatic* stay under 11 U.S.C. § 362 in connection with petitions that were later *dismissed*. *See HPG Corp. v. Aurora Loan Servs., LLC*, 436 B.R. 569, 577-79 (E.D. Cal. 2010) ("While the bankruptcy petitions were each ultimately dismissed, the individual plaintiffs enjoyed the benefit of these stays, not once, but twice, and, in both instances, failed to comply with the requirement of full, accurate disclosures. Such failure is troubling as to both plaintiffs, but particularly in the case of plaintiff Espinosa, who had filed a lawsuit against defendant Aurora prior to filing his bankruptcy petition."); *see also Sharp v. Nationstar Mortg. LLC*, No. 14-CV-00831-LHK, 2016 WL 6696134, *2, 4-8 (N.D. Cal. Nov. 15, 2016). *But see Boatright v. Aurora Loan Servs.*, No. C-12-00009 EDL, 2012 WL 2792415, *5-6 (N.D. Cal. July 9, 2012) (LaPorte, Mag. J.) (rejecting notion that receipt of automatic stay was sufficient to show plaintiff-debtor successfully caused bankruptcy court to accept his earlier position). Here, Plaintiff actually got the stay *extended* under 11 U.S.C. § 362(c)(3)(B) when it otherwise would have expired under 11 U.S.C. §362(c)(3)(A). If receipt of the benefit of the automatic stay is sufficient to satisfy the second *New Hampshire* factor, surely the receipt of an extension of an

otherwise-expiring automatic stay would suffice. Having not addressed the judicial estoppel issue at all, Plaintiff has neither cited case law, nor given reason, explaining why this analysis is incorrect.

Plaintiff gives no indication in her Opposition that she has attempted to amend her bankruptcy schedules, though her bankruptcy case appears to still be pending. *See Ah Quin*, 733 F.3d at 272, 275-76. "When a plaintiff has *not* reopened bankruptcy proceedings, a narrow exception for good faith is consistent with *New Hampshire* and with the policies animating the doctrine of judicial estoppel." *Id.* at 272. That "narrow exception for good faith" asks "not whether the debtor's omission of the pending claim from the bankruptcy schedules was inadvertent or mistaken; instead, [it asks] only whether the debtor knew about the claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim." *Id.* at 271. Here, there is absolutely no question Plaintiff knew about the claims she raises in this action – she filed this action several months *before* she filed her most-recent bankruptcy petition. In *Ah Quin*, the Ninth Circuit noted that under Circuit law, even where "a plaintiff-debtor corrects the initial mistake and no longer receives a benefit in bankruptcy court, judicial estoppel still applies" (where there is no claim of inadvertence or mistake). *Id.* at 273; *see also Hamilton*, 270 F.3d at 784 (holding that an initial "discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated"); *cf. Ah Quin*, 733 F.3d at 274 n.6 (noting that initial discharge of debt may not be a sufficient advantage to the plaintiff debtor where "the circumstances are materially different" from those present in *Hamilton*, *i.e.* where there is a demonstration of inadvertence or mistake).

As to the third *New Hampshire* factor, Plaintiff clearly would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." She would be able to now advance claims against Defendants – with

93000/FR2313/01842389-3                      10                      CASE NO.: CV 17-4809-GW(EX)
[PROPOSED] ORDER

Wells being one of the creditors in her bankruptcy – that she had informed the Bankruptcy Court did not exist, permitting her an unfair advantage *vis a vis* her creditors.

Given the foregoing, the Court has no need to consider any of the arguments Wells raises in its motion or that NBS raises in its joinder.[5] The Court will grant the motion to dismiss, without leave to amend.

ACCORDINGLY:

**IT IS THEREFORE ORDERED:**

1. Plaintiff's "Request to Remand" is denied.
2. Wells Fargo's Motion to Dismiss the complaint is dismissed without leave to amend.

DATED: September 13, 2017

GEORGE H. WU, U.S. DISTRICT JUDGE

---

[5] In reaching the decision in this matter, the Court is familiar with the decision in *Sadlowski v. Michaels Stores, Inc.*, 672 Fed. Appx. 729 (9th Cir. 2016). However, that decision is "unpublished" and, hence, has no precedential value. *See* U.S. Ct. of App. 9th Cir. Rule 36-3. Further, the facts of that case are clearly distinguishable from those in this action. Finally, this Court's application of law pursuant to the *New Hampshire* case and its progeny are consistent with the analysis in *Sadlowski*.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

## [PROPOSED] ORDER

on the interested parties in said case as follows:

| **Served By Means Other than Electronically Via the Court's CM/ECF System** | **Served Electronically Via the Court's CM/ECF System** |
|---|---|
| *Plaintiff, Pro Se* | *Attorneys for Defendant NBS Default Services, LLC:* |
| Lilia Nuno<br>4172 Woodlawn Ave.<br>Los Angeles, CA 90011<br><br>Tel: (323) 273-6437 | Nabeel Zuberi, Esq.<br>BUCKLEY MADOLE, P.C.<br>301 E. Ocean Dr., Suite 1720<br>Long Beach, CA 90802<br><br>Tel. \| Fax: (562) 983-5363<br><br>nabeel.zuberi@buckleymadole.com |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on September 12, 2017.

| Carol Goodwin | */s/ Carol Goodwin* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

93000/FR2313/01842389-3

CASE NO. 2:17-CV-04809-GW-E
CERTIFICATE OF SERVICE